Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*Treasure Studio Inc.*

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 7/19/2022 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC.,

*Plaintiffs*

v.

640350 STORE, 9999 KINDS TOY BOUTIQUE STORE, AISPMEE OFFICIAL STORE, ANIME CHARACTER MODEL SHOP STORE, ANIME TOY SERIES STORE, BABY'S TOY STORE, BACKDROPBYNITREE STORE, BAGPICKY STORE, BCAA STORE, BEETOY TOY STORE, BITE BITES OFFICIAL STORE, BLACK KNIGHT STORE, BLANKET 003 STORE, BOOM SPECIALTY STORE, BRILLIANT DECORATIVE FAVORS STORE, BRILLIANT FUN PARTY STORE, CAREHER GIFTS STORE, CHILDREN'S FUNNY STORE, CHILD'S CLOAKROOM STORE, CJS TOY STORE, CRUSH BACKDROPS STORE, DA KUAN PARTY STORE, DAFI R STORE, DAMAITONG STORE, DECCER STORE, DISNEY ANIME THEME STORE, DIY-MATERIAL STORE, DROPSHIP PLUSH TOY STORE, DUWES OFFICIAL STORE, FANYI TOY STORE, FLAMUR HOMEDECOR OFFICIAL STORE, FUNNY TOY8 STORE, FUNNY TOY9 STORE, GOOD LUCKLY YOU STORE, HAPPYNESS WONDERLAND, HAPPYSMILESHEN

**22-cv-5042 (AT)**

**PRELIMINARY INJUNCTION ORDER**

STORE, HFEZ STORE, HOLIDAY PARTIES STORE, HTMODEL STORE, HYPI TOY STORE 12 STORE, INNITREE STORE, KLDS STORE, KO KO BOWS STORE, L PARTY STORE, LEBEL STORE, LET'S PARTY TOGETHER STORE, LITCHI BACKDROP STORE, LITTLE NAUGHTY CHILDREN'S SHOP STORE, LOVE PARTY STORE, LYB TOY STORE, MILULU88 STORE, MOMN STORE, MS PARTY STORE, -NAUGHTY BABY STORE, NEOBACK BACKDROP STORE, NO.3478 FESTIVE AND GIFT STORE, OLYFACTORY STORE, PARTY SUPPLIESG STORE, PDD PARTY SUPPLIES STORE, PHOTURT PROFESSIONAL BACKDROP STORE, PLAYPLAYPLAY STORE, POKEMOON PARTY STORE, PRETTY RIBBON&CRAFTS INC., ROBLOX STORE, SH CHILD CLOTHES STORE, SHOP3195061 STORE, SHOP4878036 STORE, SHOP5429117 STORE, SHOP5440075 STORE, SHOP834240 STORE, SHOP910455180 STORE, SHOP911035215 STORE, SHOP911389045 STORE, SHOP911545108 STORE, SHOP911553397 STORE, SMILEWILL 01 STORE, SPRINGHIT STORE, SR TOY STORE, STARTING POINT TOY STORE, SUMAIDA004 STORE, SURPRISE PARTY STORE, THE TWO DIMENSIONAL ASSOCIATION TOY STORE, TOY FUNNY WORLD STORE, VODOF OFFICIAL STORE, WIN-WIN TOY STORE, YI XIAXIA STORE, YI YUE PARTY STORE, YISI PARTY BALLOONS DECORS STORE, YUENIOR TOYS STORE, YY TOY STORE, ZHAN BAO ER STORE, ZIROU STORE, ZQ HOUSE STORE, ZR PARTY BOUTIQUE STORE, ZY HOUSE STORE and ZYZYKK OFFICIAL STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
|------|-----------|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") |
| **Defendants** | 640350 Store, 9999 Kinds Toy Boutique Store, Aispmee Official Store, Anime character model shop Store, Anime toy series Store, Baby's Toy Store, BackdropByNitree Store, bagpicky Store, BCAA Store, BEETOY Toy Store, bite bites Official Store, Black Knight Store, Blanket 003 Store, Boom Specialty Store, Brilliant Decorative Favors Store, Brilliant Fun Party Store, Careher Gifts Store, Children's Funny Store, Child's cloakroom Store, CJS Toy Store, CRUSH backdrops Store, Da Kuan Party Store, DAFI R Store, DAMAITONG Store, DECCER Store, Disney Anime Theme Store, DiY-Material Store, Dropship Plush Toy Store, DUWES Official Store, FanYi Toy Store, Flamur HomeDecor Official Store, Funny Toy8 Store, Funny Toy9 Store, good luckly you Store, Happyness Wonderland, happysmileshen Store, HFEZ Store, Holiday parties Store, HTMODEL Store, Hypi Toy Store 12 Store, INNITREE Store, KLDS Store, Ko Ko Bows Store, L party Store, Lebel Store, Let's party together Store, LITCHI backdrop Store, Little naughty children's shop Store, Love Party Store, LYB Toy Store, MILULU88 Store, MOMN Store, MS party Store, -Naughty baby Store, NeoBack Backdrop Store, No.3478 Festive And Gift Store, Olyfactory Store, Party suppliesG Store, PDD Party supplies Store, Photurt Professional Backdrop Store, PlayPlayPlay Store, Pokemoon Party Store, Pretty Ribbon&Crafts Inc., Roblox Store, SH Child Clothes Store, Shop3195061 Store, Shop4878036 Store, Shop5429117 Store, Shop5440075 Store, Shop834240 Store, Shop910455180 Store, Shop911035215 Store, Shop911389045 Store, Shop911545108 Store, Shop911553397 Store, smilewill 01 Store, SpringHit Store, SR Toy Store, starting point toy |

| | |
|---|---|
| | Store, sumaida004 Store, Surprise Party Store, The Two Dimensional Association toy Store, Toy Funny World Store, VODOF Official Store, Win-Win Toy Store, Yi Xiaxia Store, Yi Yue party Store, YISI Party Balloons Decors Store, Yuenior Toys Store, YY Toy Store, ZHAN BAO ER Store, Zirou Store, ZQ House Store, ZR Party Boutique Store, ZY House Store and ZYZYKK Official Store |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 224 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' ex parte application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined infra) and Defendants' Assets (as defined infra) with the Financial Institutions (as defined infra); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Miller Dec.** | Declaration of Robert Miller in Support of Plaintiffs' Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Application |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,253 for "COCOMELON" for goods in Class 25; |



| | |
|---|---|
| | 88/945,840 for "  " for goods in Class 3; 88/681,276 for " " for goods in Class 25; 88/681,270 for " " for goods in Class 9; and 88/681,280 for " " for goods in Class 28 |
| **CoComelon Registrations** | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25; 5,918,526 for " " for goods in Classes 9 and |

|  |  |
|---|---|
|  |  41; and 6,563,758 for " " for goods in Class 25 |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017;VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly or substantially similar to the CoComelon Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective |

| | officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiffs having moved *ex parte* on June 16, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on June 16, 2022 ("TRO") which ordered Defendants to appear on June 28, 2022 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on June 21, 2022, Plaintiffs filed a letter requesting to modify and extend the TRO;

WHEREAS, on June 22, 2022, the Court entered an Order granting Plaintiffs' request, adjourning the Show Cause Hearing to July 13, 2022 at 2:00 p.m. and extending the TRO ("June 22, 2022 Order");

WHEREAS, on July 8, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of Plaintiffs' Application and the June 22, 2022 Order on each and every Defendant, except Defendant Love Party Store;

WHEREAS, on July 11, 2022, the Court entered an Order, *inter alia*, rescheduling the Show Cause Hearing to July 19, 2022 at 3:00 p.m. ("July 11, 2022 Order");

WHEREAS, on July 11, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the July 11, 2022 Order on each and every Defendant, except Defendant Love Party Store;

WHEREAS, on July 19, 2022 at 3:00 p.m., Plaintiffs appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## **ORDER**

1.  The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a)  Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the CoComelon Works and/or CoComelon Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the CoComelon Works and/or CoComelon Marks;

    ii.  directly or indirectly infringing in any manner Plaintiffs' CoComelon Marks and CoComelon Works;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CoComelon Marks and CoComelon Works, to identify any goods or services not authorized by Plaintiffs;

    iv.  using Plaintiffs' CoComelon Marks and/or CoComelon Works and/or any other marks that are confusingly similar to the CoComelon Marks and/or any artwork that is substantially similar to the CoComelon Works, on or in connection with

Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vi.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit

Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii.   knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above, 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b)   Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i.   secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

iii.   knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) below.

c)   Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i.   Providing services to Defendants, Defendants' User Accounts and Defendants'

Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

ii.  knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) above.

2.  As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a)  Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

b)  Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c)  Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.   account numbers;

   ii.   current account balances;

  iii.   any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

  iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v.   any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

    i.   Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

ii.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iv.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

v.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the CoComelon Marks and/or CoComelon Works.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

4. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants through the pendency of this action.

6. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

SO ORDERED.

Dated: July 19, 2022
       New York, New York

_____

HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE

16