UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC.,

*Plaintiffs*

v.

640350 STORE, 9999 KINDS TOY BOUTIQUE STORE, AISPMEE OFFICIAL STORE, ANIME CHARACTER MODEL SHOP STORE, ANIME TOY SERIES STORE, BABY'S TOY STORE, BACKDROPBYNITREE STORE, BAGPICKY STORE, BCAA STORE, BEETOY TOY STORE, BITE BITES OFFICIAL STORE, BLACK KNIGHT STORE, BLANKET 003 STORE, BOOM SPECIALTY STORE, BRILLIANT DECORATIVE FAVORS STORE, BRILLIANT FUN PARTY STORE, CAREHER GIFTS STORE, CHILDREN'S FUNNY STORE, CHILD'S CLOAKROOM STORE, CJS TOY STORE, CRUSH BACKDROPS STORE, DA KUAN PARTY STORE, DAFI R STORE, DAMAITONG STORE, DECCER STORE, DISNEY ANIME THEME STORE, DIY-MATERIAL STORE, DROPSHIP PLUSH TOY STORE, DUWES OFFICIAL STORE, FANYI TOY STORE, FLAMUR HOMEDECOR OFFICIAL STORE, FUNNY TOY8 STORE, FUNNY TOY9 STORE, GOOD LUCKLY YOU STORE, HAPPYNESS WONDERLAND, HAPPYSMILESHEN STORE, HFEZ STORE, HOLIDAY PARTIES STORE, HTMODEL STORE, HYPI TOY STORE 12 STORE, INNITREE STORE, KLDS STORE, KO KO BOWS STORE, L PARTY STORE, LEBEL STORE, LET'S PARTY TOGETHER STORE, LITCHI BACKDROP STORE, LITTLE NAUGHTY CHILDREN'S SHOP STORE, LOVE PARTY STORE, LYB TOY STORE, MILULU88 STORE, MOMN STORE, MS PARTY STORE, -NAUGHTY BABY STORE, NEOBACK BACKDROP STORE, NO.3478 FESTIVE AND GIFT STORE, OLYFACTORY STORE, PARTY SUPPLIESG STORE, PDD PARTY SUPPLIES STORE, PHOTURT PROFESSIONAL BACKDROP STORE, PLAYPLAYPLAY STORE, POKEMOON PARTY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/2023

22 Civ. 5042 (AT)

**ORDER**

1

STORE, PRETTY RIBBON&CRAFTS INC., ROBLOX STORE, SH CHILD CLOTHES STORE, SHOP3195061 STORE, SHOP4878036 STORE, SHOP5429117 STORE, SHOP5440075 STORE, SHOP834240 STORE, SHOP910455180 STORE, SHOP911035215 STORE, SHOP911389045 STORE, SHOP911545108 STORE, SHOP911553397 STORE, SMILEWILL 01 STORE, SPRINGHIT STORE, SR TOY STORE, STARTING POINT TOY STORE, SUMAIDA004 STORE, SURPRISE PARTY STORE, THE TWO DIMENSIONAL ASSOCIATION TOY STORE, TOY FUNNY WORLD STORE, VODOF OFFICIAL STORE, WIN-WIN TOY STORE, YI XIAXIA STORE, YI YUE PARTY STORE, YISI PARTY BALLOONS DECORS STORE, YUENIOR TOYS STORE, YY TOY STORE, ZHAN BAO ER STORE, ZIROU STORE, ZQ HOUSE STORE, ZR PARTY BOUTIQUE STORE, ZY HOUSE STORE and ZYZYKK OFFICIAL STORE,

*Defendants*

ANALISA TORRES, District Judge:

On May 25, 2023, Plaintiffs Moonbug Entertainment Limited and Treasure Studio Inc. moved for entry of default against ninety-five (95) Defendants. ECF Nos. 40–41. That same day, the Clerk of Court entered a certificate of default. ECF No. 42. On May 26, 2023, Plaintiffs filed a proposed order to show cause, ECF No. 43, a proposed default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), ECF No. 47, and supporting papers, ECF Nos. 44–46.

Plaintiffs have not alleged sufficient facts to prove personal jurisdiction. The Court cannot enter a default judgment in the absence of personal jurisdiction. Accordingly, by **July 6, 2023**, Plaintiffs shall provide information supporting personal jurisdiction as to each Defendant.

I.  Legal Standard

Plaintiffs must provide proof of personal jurisdiction as to each Defendant before the Court can enter a default judgment. *See Burns v. Scott*, No. 20 Civ. 10518, 2022 WL 10118491, at *5 (S.D.N.Y. Oct. 17, 2022) ("Personal jurisdiction is 'a necessary prerequisite to entry of a default judgment.'" (citation omitted)); *Cenage Learning, Inc. v. Buckeye Books*, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) ("Lumping all the 'defendants' together for purposes of alleging connections to New York is, however, patently insufficient."); *see also Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913, 2020 WL 2130680, at *8–12 (S.D.N.Y. May 5, 2020).

The Court's prior orders on Plaintiffs' requests for a temporary restraining order ("TRO") and preliminary injunction, *see* ECF Nos. 16, 19, 26, do not negate Plaintiffs' burden of proving personal jurisdiction before the entry of a default judgment and permanent injunction. *See Spin*

*Master Ltd. v. 158*, 463 F. Supp. 3d 348, 360 (S.D.N.Y. 2020), *adhered to in part on reconsideration*, No. 18 Civ. 1774, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020). Even where the Court previously issued a TRO and a preliminary injunction, and even where the Court "previously determined there was personal jurisdiction at the TRO stage," "it is appropriate for the Court to assure itself that it has personal jurisdiction over those defendants it purports to bind indefinitely" before it grants a motion for default judgment and permanent injunction. *Id.* (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)); *see also Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18 Civ. 2897, 2018 WL 2022626, at *9 (S.D.N.Y. Apr. 30, 2018) (dissolving a temporary restraining order and declining to enter an injunction due to lack of personal jurisdiction over the defendant).

In a trademark case, the Court determines whether personal jurisdiction exists first by applying the long-arm statute of the forum state—here, New York—and then analyzing whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Spin Master Ltd.*, 463 F. Supp. at 362 (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010); and *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013)).

Plaintiffs allege personal jurisdiction exists over each Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1) and N.Y. C.P.L.R. § 302(a)(3). Compl. ¶ 3, ECF No. 9. N.Y. C.P.L.R. § 302(a)(1) provides that personal jurisdiction exists over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Plaintiffs must meet two requirements to establish personal jurisdiction under § 302(a)(1): "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci*, 732 F.3d at 168). A defendant "transact[s] business" in the state if it has engaged in "purposeful activity" by "purposefully avail[ing] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246–47 (2d Cir. 2007) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604, 607 (N.Y. 1967)); *see also Chloe*, 616 F.3d at 169. When a defendant is alleged to have "transacted business" through a website, courts apply a "sliding scale" test to determine whether operation of a website accessible in New York constitutes purposeful availment. *Spin Master Ltd.*, 463 F. Supp. at 362. The more "interactive" the website in soliciting information from potential buyers in New York, the more likely a court is to find purposeful availment. *See Chloe*, 616 F.3d at 170; *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, No. 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003).

It is insufficient to allege that a defendant conducts business through an interactive third-party website; the defendant must use the website to reach into the forum state in some meaningful way. *See Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *8–9 (S.D.N.Y. Aug. 13, 2004). It is also insufficient to allege that a defendant merely offers a product outside New York for sale in New York if no sale actually takes place in New York or to a New York resident, even if the defendant operates a commercial website capable of reaching customers in New York. *Spin Master Ltd.*, 463 F. Supp. 3d at 364–65; *Alibaba Grp. Holding*, 2018 WL 2022626, at *4; *Savage Universal Corp.*, 2004 WL 1824102, at *9.

N.Y. C.P.L.R. § 302(a)(3) provides that personal jurisdiction exists over a non-domiciliary that

> commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3). Plaintiffs must allege that

> (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.

*Spin Master Ltd.*, 463 F. Supp. 3d at 365 (quoting *Penguin Grp.*, 16 N.Y.3d at 302). Plaintiffs' injuries are deemed to take "place where its business is lost or threatened." *Id.* (quoting *Penguin Grp.*, 16 N.Y.3d at 305). Thus, Plaintiffs must plead lost sales or lost consumers in New York. *See Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008) (quoting *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997)). And, Plaintiffs must plead that Defendants made sales to New York or otherwise targeted New York such that they "purposefully availed [themselves] of the benefits of the laws of New York, to the extent that [t]he[y] would reasonably anticipate being haled into a New York court." *Id.* at 468. Foreseeability of harm is insufficient; it "must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Id.* (citation omitted).

   II.   <u>Analysis</u>

Plaintiffs do not allege sufficient facts to prove personal jurisdiction as to any individual Defendant, each of which is located in China. Compl. ¶ 27. First, Plaintiffs improperly make allegations as to personal jurisdiction over Defendants as a group. *See id.* ¶¶ 3, 24, 27–28, 33, 36 (referring only to "Defendants" in the aggregate); *see also Cenage Learning, Inc.*, 531 F. Supp. 2d at 599 ("Lumping all the 'defendants' together for purposes of alleging connections to New York is . . . patently insufficient."). Second, Plaintiffs do not allege that any specific Defendant actually made sales in New York. Plaintiffs allege that consumers in New York "can view" Defendants' storefronts on online marketplaces such as Alibaba and AliExpress, that Defendants are capable of shipping products to New York, that Defendants accept U.S. currency, and that Defendants offer for sale counterfeit products to consumers in the U.S., including New York. Compl. ¶¶ 3(a)–(c), 27–28, 33, 36–37. Plaintiffs also allege that they verified that each Defendant offers shipping to a specific address in New York. *Id.* ¶ 36. But, Plaintiffs do not allege that any Defendant actually made sales to consumers in New York. *See* Compl. Ex. D.

Plaintiffs have failed to meet their burden of showing that each Defendant engaged in transactions in New York. Thus, Plaintiffs have failed to adequately plead personal jurisdiction over each Defendant. Accordingly, by **July 6, 2023**, Plaintiffs shall provide additional

information supporting personal jurisdiction as to each Defendant.  Failure to do so will result in dismissal of this action for lack of personal jurisdiction.

    SO ORDERED.

Dated: June 6, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge