

**EPSTEIN DRANGEL LLP**

60 East 42nd Street, Suite 1250, New York, NY
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/6/2023
```

July 5, 2023

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Moonbug Entertainment Ltd., et al. v. 640350 Store, et al.*
             Case No. 22-cv-5042 (AT)
             <u>Request For Extension of Time to Respond to June 6, 2023 Order</u>

Dear Judge Torres,

      We represent Plaintiffs Moonbug Entertainment Limited and Treasure Studio Inc. ("Plaintiffs"), in the above-referenced matter (the "Action").[1] On June 6, 2023, the Court entered an Order, *inter alia*, directing Plaintiffs to provide additional information supporting personal jurisdiction as to each Defendant ("June 6, 2023 Order"). (Dkt. 48). For the reasons detailed below, Plaintiffs respectfully request an extension of time to respond to the Court's June 6, 2023 Order. In accordance with Your Honor's Individual Rules of Practice, Plaintiffs respectfully submit the following:

1. <u>**Original Deadline:**</u> July 6, 2023
2. <u>**The number of previous requests for adjournment:**</u> None, this is Plaintiffs' first request for an extension of time to respond to the June 6, 2023 Order.
3. <u>**The reason for the current request:**</u> As indicated in Plaintiffs' previous letters requesting extensions of time to file their Motion for Default Judgment, the only means by which Plaintiffs can obtain data evidencing Defaulting Defendants' sales of Counterfeit Products to consumers in New York to support Plaintiffs' claim for personal jurisdiction is if AliExpress produces the same in compliance with the expedited discovery ordered in the Temporary Restraining Order ("TRO"). After Plaintiffs filed their Motion for Default Judgment, AliExpress provided Plaintiffs with a limited production showing some of the Defendants' sales of Counterfeit Products to New York, but not all of them. Specifically, the data AliExpress has provided to date only encompasses Defendants who sold products infringing Plaintiffs' "COCOMELON" word marks[2]

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiffs' Complaint or Application.
[2] The data provided only identifies Defendants who sold Counterfeit Products to consumers in New York infringing U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 in their product listing titles, this does not encompass Defendants who (1) infringed U.S. Trademark Registration Nos. 5,918,526

in their product listing title within their Infringing Listings. The data produced does not include Defendants who sold Counterfeit Products infringing other CoComelon Marks or CoComelon Works. Plaintiffs have been requesting that AliExpress provide this data since November of 2022 when the Court first ordered Plaintiffs to file their motion for default judgment, however, AliExpress has yet provide complete discovery evidencing all Defendants who made sales of Counterfeit Products (infringing any of Plaintiffs' identified CoComelon Marks and/or CoComelon Works) to New York as requested. The requested information was specifically ordered in the TRO, which required the Third Party Service Providers, including AliExpress, to provide documents and records relating to: "Defendants'…offering for sale and/or selling of Counterfeit Products, or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the CoComelon Marks and/or CoComelon Works." *See*, TRO at section V(E)(1)(d). While the TRO does not limit the location of such sales, Plaintiffs only seek the expedited discovery related to sales of Counterfeit Products to consumers in New York only.

Last week, the Honorable Jesse M. Furman granted, in part, a motion to compel brought by Epstein Drangel in another lawsuit where Alibaba and AliExpress were named as third party service providers and failed to fully comply with the temporary restraining order and preliminary injunction order. *See*, *Kelly Toys Holdings LLC v. 19885566 Store, et al.*, No. 22-cv-9384 (JMF) (S.D.N.Y. June 30, 2023) (*Docket Entry No.* 101). If AliExpress fails to comply with the expedited discovery ordered in the TRO herein, Plaintiffs intend to bring a similar motion to compel, seeking the sales of Counterfeit Products Defendants made to consumers in New York only.

4. **Whether the adversary consents**: All of the Defendants remaining in this Action are currently in default, thus Plaintiffs did not seek their consent.
5. **Proposed alternative dates:** To the extent Plaintiffs receive the full expedited discovery from AliExpress, Plaintiffs respectfully propose filing their response to the June 6, 2023 Order by August 4, 2023. To the extent that AliExpress does not provide the expedited discovery, Plaintiffs respectfully propose to file a motion to compel by August 4, 2023.

We thank the Court for its time and attention to this matter.

GRANTED. By **August 4, 2023**, Plaintiffs shall respond to the Court's June 6, 2023 order or file a motion to compel.

SO ORDERED.

Dated: July 6, 2023
New York, New York

ANALISA TORRES
United States District Judge